# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**STEVEN M. LESTER,**
**Claimant Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0096** (BOR Appeal No. 2053223)
(Claim No. 2016017123)

**DAVID STANLEY CONSULTANTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven M. Lester, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). David Stanley Consultants, LLC did not file a response to the petition for appeal.

The issue on appeal is the amount of permanent partial disability awarded in the claim. The claims administrator granted a 5% permanent partial disability award on January 24, 2017. On August 2, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the 5% award granted by the claims administrator and awarded Mr. Lester a 9% permanent partial disability award. This appeal arises from the Board of Review's Order dated January 7, 2019, in which the Board reversed the decision of the Office of Judges and reinstated the 5% permanent partial disability award granted by the claims administrator.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 5, 2016, Mr. Lester fractured his right wrist when he slipped while putting a roof bolt up into the mine top. He was treated at Welch Community Hospital, at which time an Employees' and Physicians' Report of Occupational Injury form was completed, which listed the diagnosis as right wrist fracture. By Order dated January 25, 2016, the claim was held compensable for right wrist fracture, scaphold fracture, and ulnar styloid process. Subsequently, by Order dated June 6, 2016, the claims administrator added De Quervain's tenosynovitis and right carpal tunnel syndrome as compensable conditions. Mr. Lester underwent a right wrist arthroscopy with

1

debridement of the peripheral triangular fibrocartilage complex tear and ulnocarpal synovectomy together with a right carpal tunnel release.

The claims administrator referred Mr. Lester to Joseph Grady, M.D., who prepared a report dated January 10, 2017. Dr. Grady opined that Mr. Lester had 8% upper extremity impairment that he converted to 5% whole person impairment. Based upon Dr. Grady's opinion, the claims administrator granted Mr. Lester a 5% permanent partial disability award on January 24, 2017. Mr. Lester protested the claims administrator's decision.

In support of his protest, Mr. Lester submitted the independent medical evaluation report of Robert Walker, M.D., dated May 12, 2017. Dr. Walker found range of motion abnormalities of Mr. Lester's right wrist and noted the his thumb lacked adduction of three centimeters. Dr. Walker identified 18% upper extremity impairment under the range of motion model and 3% for the right thumb. Dr. Walker combined the two percentages for a total of 20% upper extremity impairment which converted to 12% whole person impairment under the American Medical Associations *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993).

Michael Kominsky, D.C., prepared an independent medical evaluation report dated August 15, 2017, on behalf of Mr. Lester. Dr. Kominsky conducted a range of motion study of the right wrist revealing thirty degrees flexion, twenty-five extension, fifteen degrees radial deviation, and fifteen degrees ulnar deviation. The neurological examination revealed diminishment with regard to the medial ulnar and radial nerves. Dr. Kominsky reported 15% upper extremity impairment for the compensable components of the claim, which he converted to 14% whole person impairment under the *Guides*.

The Employer referred Mr. Lester to Prasadarao B. Mukkamala, M.D, who prepared an independent medical evaluation report dated January 4, 2018. Dr. Mukkamala concluded, after reviewing Mr. Lester's clinical history and performing a physical examination, that Mr. Lester had reached his maximum degree of medical improvement. Dr. Mukkamala found that Mr. Lester exhibited fine motor dexterity in both hands and no loss of range of motion for the joints of his upper extremities. Based upon his examination, Dr. Mukkamala concluded that Mr. Lester had 8% upper extremity impairment, which converts to 5% whole person impairment under the *Guides*.

The claim was submitted to the Office of Judges for consideration of the opinions expressed by the evaluators in the record. By decision dated August 2, 2018, the Office of Judges reversed the 5% permanent partial disability award of January 24, 2017, granted by the claims administrator. The Office of Judges found that no one report within the record agreed on any more than two out of four objective findings with regard to the range of motion study. All reports were deemed to be of equal probative value for the assessment of whole person impairment for the loss of range of motion in Mr. Lester's wrist. The Office of Judges adopted Dr. Kominsky's whole person impairment recommendation for the purposes of determining that Mr. Lester is entitled to a higher percentage of impairment. Accordingly, the Office of Judges granted a 9% permanent partial disability award, which represented an increase of 4% in permanent partial disability benefits.

The Board of Review disagreed with the decision of the Office of Judges. In its Order dated January 7, 2019, the Board of Review noted that the Office of Judges granted Mr. Lester a 9% permanent partial disability award, which was not recommended by any of the physicians in the record. This Court has consistently maintained that the Commissioner is to make permanent partial disability awards solely on the basis of the doctor's impairment evaluation. The Board of Review concluded that Mr. Lester is not entitled to the additional award granted by the Office of Judges. The final decision of the Office of Judges dated August 2, 2018, was reversed and vacated. The Board of Review reinstated the January 24, 2017, Order of the claims administrator that granted Mr. Lester a 5% permanent partial disability award.

After review, we agree with the decision of the Board of Review. Although the Office of Judges determined that all of the medical reports were of equal probative value with regard to the assessment of whole person impairment, the Board of Review correctly found that the Office of Judges incorrectly granted an amount of impairment not recommended by any evaluating physician. On January 10, 2017, Dr. Grady found 5% impairment. On May 12, 2017, Dr. Walker found 12% impairment. Dr. Kominsky recommended 14% whole person impairment in his report of August 15, 2017. Dr. Mukkamala found 5% impairment according to his report dated January 4, 2018. Because the Office of Judges did not grant an award based upon the findings of one of the evaluators of record, the Board of Review did not err in reinstating the 5% award granted by the claims administrator on January 24, 2017.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison